| B 104 (Rev. 8/99) | **ADVERSARY PROCEEDING SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|---|

| PLAINTIFF<br><br>Raini Clapper Walker | Defendant<br><br>Selene Finance LP<br>9990 Richmond Avenue, Suite 100<br>Houston, TX 77042<br><br>Selene Finance, LP<br>c/o Its Registered Agent<br>CT Corporation System<br>800 S Gay Street, Ste 2021<br>Knoxville, TN 37929-9710<br><br>Stanwich Mortgage Loan Trust 2012-14<br>9990 Richmond Ave, Ste 400S<br>Houston, TX 77042 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone Number)<br>**Keith D Slocum**<br>**Harlan, Slocum & Quillen**<br>**P.O. BOX 949**<br>**COLUMBIA TN 38402-0949**<br>**931/381-0660**<br>**bknotices@robertharlan.com** | ATTORNEYS (if known) |

PARTY (Check one box only)    ☐ U.S. PLAINTIFF    ☐ 2 U.S. Defendant    ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION**  Complaint Seeking Damages in Core Adversary Proceeding

### NATURE OF SUIT
(Check the one most appropriate box only)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☒ | 454 | To recover money or property | ☐ | 455 | To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan | ☐ | 456 | To obtain a declaratory judgment relating to any of the foregoing causes of action |
| ☐ | 435 | To determine validity, priority, or extent of a lien or other interest in property | ☐ | 426 | To determine the dischargeability of a debt 11 U.S.C. § 523 | ☐ | 459 | To determine a claim or cause of action removed to a bankruptcy court |
| ☐ | 458 | To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ | 434 | To obtain an injunction or other equitable relief | ☐ | 498 | Other (specify) |
| ☐ | 424 | To object or to revoke a discharge 11 U.S.C. § 727 | ☐ | 457 | To subordinate any allowed claim or interest except where such subordination is provided in a Plan | | | |

| ORIGIN OF PROCEEDING (Check one box only) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND greater than $10,000.00 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | | |
|---|---|---|---|---|
| NAME OF DEBTOR<br>Raini Clapper Walker | | BANKRUPTCY CASE NUMBER 3:14-bk-05239 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>**Middle District of Tennessee** | DIVISIONAL OFFICE **Columbia** | | NAME OF JUDGE Marian F. Harrison | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | | |
| PLAINTIFF | Defendant | | ADVERSARY PROCEEDING NUMBER | |
| DISTRICT | DIVISIONAL OFFICE | | NAME OF JUDGE | |
| FILING FEE<br>(Check one box only) | ☐ FEE ATTACHED | ☒ FEE NOT REQUIRED | ☐ FEE IS DEFERRED | |
| DATE<br>January 28, 2015 | PRINT NAME<br>**Keith D Slocum** | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>\s\ **Keith D Slocum** | | |

B-104

(Rev. 8/99)

**ADVERSARY PROCEEDING COVER SHEET (Reverse Side)**

---

This cover sheet must be completed by the Plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the Court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the Clerk of the Court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the Clerk of the Court for each complaint filed. The form is largely self-explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed from a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000, enter "1," for $10,000, enter "10," for $100,000, enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and six-digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:

In Re:
Raini Clapper Walker				BK:	14-05239-MH1-13
Dickson, TN, 37055
xxx-xx-6421
Debtor

Raini Clapper Walker
Plaintiff

vs.

Selene Finance LP
Defendant					Adv. No.

**Complaint Seeking Damages in a Core Adversary Proceeding**

**I. Introduction**

1.	This is an action for actual and punitive damages filed by the Plaintiff pursuant to 12 C.F.R. §1024.35 of Regulation X, 12 C.F.R. §1024.36 of Regulation X, and 12 C.F.R. §1026.36 of Regulation Z, and pursuant to 11 U.S.C. § 105, 362, 501, 502, 503 and 506 of the Bankruptcy Code, and Rules 2016 and 9011 of the Bankruptcy Rules.

**II. Jurisdiction and Venue**

2.	Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Plaintiff in that case.

3.	This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

4.	This Court has supplemental jurisdiction to hear all state law claims pursuant to

Section 1367 of Title 28 of the United States Code.

5. This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to Section 2614 of Title 12 of the United States Code.

6. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event all or some claims in this case are determined to be non-core proceedings then, and in that event, the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

7. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

### III. Parties

8. The Plaintiff in this case is a Debtor under Chapter 13 of Title 11 in the above-captioned case.

9. The Defendant, Selene Finance LP, is a mortgage servicing corporation which conducts business in the state of Tennessee.

10. The Defendant, Stanwich Mortgage Loan Trust 2012-14, is the alleged owner of the Plaintiff's Note.

### IV. Factual Allegations

11. The Chapter 13 case of the Plaintiff herein was commenced by the filing of a voluntary petition with the Clerk of this Court on June 30, 2014.

12. The 341(a) meeting of creditors in this case was held in Nashville, Tennessee on August 19, 2014 and the Chapter 13 Plan was confirmed by Order of this Court on August 25, 2014.

13. Schedule D of the Bankruptcy petition and schedules filed by the Plaintiff included a debt to Carrington Mortgage Services LLC ("Carrington") secured by a Deed of Trust on the residential real estate belonging to the Plaintiff. However, the servicing of the Plaintiff's

loan was transferred to Selene Finance, LP effective June 2, 2014. The Chapter 13 plan as confirmed included treatment of that debt to Carrington as a "continuing" debt with plan payments equal to the normal monthly mortgage payments plus an arrearage cure provision. A copy of the confirmation order is attached as Exhibit 1.

14. The Plaintiff alleges that the Defendant received notice of the 341(a) meeting from documents mailed by the Trustee's office and also received a "filed" copy of the Order of Confirmation.

15. The Defendant filed a claim (pacer claim 13) for continuing mortgage payments on November 17, 2014 and attached the Deed of Trust, Note and Modification Agreement to the claim form, attached as Exhibit 2.

16. The Plaintiff's attorney tendered five "Requests for Information" (hereinafter "RFI") to the Defendant pursuant to the Real Estate Settlement Procedures Act (hereinafter "RESPA") and the Truth in Lending Act (hereinafter "TILA"). The Plaintiff's RFI requesting a payoff statement is attached hereto as Exhibit 3. The Plaintiff's RFI requesting a reinstatement quote is attached hereto as Exhibit 4. The Plaintiff's RFI requesting the identity of the current owner, servicer and master servicer of the Plaintiff's loan is attached hereto as Exhibit 5. The Plaintiff's RFI requesting a copy of the Plaintiff's Note is attached hereto as Exhibit 6. The RFI requesting a complete life of loan transactional history is attached hereto as Exhibit 7.

17. The Defendant did not provide an acknowledgment of receipt of the Plaintiff's RFI's. The Defendant provided two responses to the Plaintiff's RFI's, attached hereto as Exhibits 8 and 9.

18. The Plaintiff sent an RFI to the Defendant pursuant to RESPA on or about October 9, 2014 requesting copies of any and all modification agreements entered on the subject account, attached as Exhibit 10.

19. The Defendant did not provide any acknowledgment or response to this RFI.

20. The Plaintiff sent a "Notice of Error" (hereinafter "NOE") to the Defendant pursuant to RESPA on or about October 9, 2014 stating that a complete life of loan transactional history had not been provided as requested, and requesting said transactional history, attached as Exhibit 11.

21. The Defendant did not provide any acknowledgment or response to this NOE.

## V. First Claim for Relief: Objection to Claim

22. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

### Standing

23. The Plaintiff objects to the Defendant's claim based on standing.

24. The Defendant attached a Note to the Proof of Claim payable to Wilmington Finance, Inc. A separate document that purports to be an allonge is also attached which seeks to endorse the Note in blank from Wilmington Finance, Inc. Please see Exhibit 2.

25. The Defendant also provided two copies of the same Note with responses to the Plaintiff's RFI's. The first copy did not include any allonges or endorsements. Please see Exhibit 8. The second copy does include the same purported allonge as that attached to the Proof of Claim, see Exhibit 9.

26. The Defendant has provided inconsistent copies of the same Note, and therefore, has failed to prove sufficient standing to the enforce the Plaintiff's Note.

27. The Plaintiff objects to the Defendant's claim and requests an Order from this Court that disallows the claim.

### Accounting

28. The Plaintiff further objects to the Defendant's claim based on erroneous accounting.

29. The Plaintiff had applied for a loan modification with the prior servicer of the account. Following the transfer of servicing, the Plaintiff was again attempting to modify the mortgage.

30. The Plaintiff proposed a Chapter 13 plan that included payment of an arrearage to the Defendant.

31. The Defendant filed a claim that does not account for a loan modification for which the Plaintiff had already been approved based upon information received by the Plaintiff to that effect.

32. In addition, the Defendant provided a payoff statement dated August 6, 2014 (see Exhibits 8 and 9) that reflects a total amount due to pay the loan in full of $12,394.86. This is inconsistent with the Proof of Claim filed by the Defendant

33. Therefore, the Plaintiff objects to the Defendant's claim based on erroneous accounting.

34. The Plaintiff requests an Order from this Court which disallows the Defendant's claim. In the alternative, the Plaintiff requests the Court to value the Defendant's claim at zero ($0.00).

35. If the claim is disallowed, then pursuant to 11 U.S.C. §506(d) the lien would be void. The legal effect of the lien being void is that the lien would be completely unenforceable and should properly be released of record by the Defendant. Failure by the Defendant to release the void lien constitutes a continuing violation of the automatic stay of 11 U.S.C. § 362 in that it asserts control over property of the Bankruptcy Estate and creates a cloud on the title to that property to the detriment of the Plaintiff, the Chapter 13 Trustee, and unsecured creditors of the Bankruptcy Estate.

### VI. Second Claim for Relief- Remove Cloud From Title

36. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

37. Based upon the foregoing allegations, the Plaintiff alleges that the Deed of Trust recorded at Book V965, Pages 489-502, in the Dickson county Register of Deeds secures nothing for the alleged holder and, is therefore, a cloud on the title, the property as described in Exhibit A to the Deed of Trust, Exhibit 2.

38. Plaintiff requests an order from this Court that may be recorded in the land records Dickson County, Tennessee thereby causing the lien to be treated as released.

### VII. Third Claim for Relief: RESPA- Reg. X/TILA- Reg. Z

39. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

40. In January 2013, the Consumer Financial Protection Bureau ("CFPB") issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

41. The CFPB was granted authority to amend these Regulations pursuant to the DFA, which authorized the CFPB to enact regulations under Sections 12 USC 2601 and 15 USC Section 1601 of the Truth in Lending Act. These Regulations became effective on January 10, 2014.

42. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

43. The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers."

44. The Plaintiff is asserting a claim for relief against the Defendant for breach of these rules. The Plaintiff has a private right of action under both the Real Esatate Settlement Procedures Act and the Truth in Lending Act for these breaches and such an action includes actual damages, statutory damages costs and attorneys fees.

### Count One: Violation of Regulation Z

45. On or about July 30, 2014, the Plaintiff made a written request to the Defendant for a payoff quote.

46. The request was made by certified mail, having a tracking number 70132630000050453803. The request was mailed to the address noticed by the Defendant on the periodic billing statement for requesting such information as provided by for 12 C.F.R. §1024.36(b).

47. The Request was received by the Defendant on August 4, 2014, as evidenced by the United States Postal Receipt, see Exhibit 3.

48. Although the Defendant did provide a response to the Plaintiff's request for a payoff quote, see Exhibits 8 and 9, the payoff is inaccurate.

49. Pursuant to Section 1026.36(c)(3) of Regulation Z and in connection with a consumer credit transaction secured by a consumer's dwelling, the mortgage servicer must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement, under these Regulations, "shall be sent within a reasonable time, but in no case more than seven business days after receiving a written request from the consumer or any person acting on behalf of the consumer."

50. As a result of the Defendant's failure to provide "an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full," the

Defendant is liable to the Plaintiff for actual damages, costs, legal fees and statutory damages of up to $4,000.00.

### Count Two: Violation of 12 C.F.R. §1026.36 of Regulation Z

51. On or about July 30, 2014, the Plaintiff made a written request to the Defendant for a reinstatement quote.

52. The request was made by certified mail, having a tracking number 70132630000050453803. The request was mailed to the address noticed by the Defendant on the periodic billing statement for requesting such information as provided by for 12 C.F.R. §1024.36(b).

53. The Request was received by the Defendant on August 4, 2014, as evidenced by the United States Postal Receipt, see Exhibit 4.

54. The seven (7) day time period for responding to this request expired on August 13, 2014.

55. The Plaintiff alleges that the exceptions to the seven (7) day time period are not applicable to the Defendant since the Defendant neglected to advise the Plaintiff why additional time could or might be needed to provide the same as provided for by the applicable Regulations. 56. As of the date of the filing of this Complaint, the Defendant has not provided the requested reinstatement quote.

57. As a result of the Defendant's lack of compliance, the Defendant is liable to the Plaintiff for actual damages, costs, legal fees and statutory damages of up to $4,000.00.

### Count Three: Violation of 12 C.F.R. §1024.36 of Regulation X

58. On or about July 30, 2014, the Plaintiff made a written request to the Defendant for an exact reproduction of the life of loan mortgage transactional history.

59. The request was made by certified mail, having a tracking number 70132630000050453803. The request was mailed to the address noticed by the Defendant on the periodic billing statement for requesting such information as provided by for 12 C.F.R. §1024.36(b).

60. The Request was received by the Defendant on August 4, 2014, as evidenced by the United States Postal Receipt, see Exhibit 7.

61. The five (5) day deadline to provide an acknowledgment letter expired on August 11, 2014. As of the filing of this complaint, the Defendant has not provided an acknowledgment letter.

62. The thirty (30) day deadline for providing the requested information expired on September 16, 2014. The Defendant provided a partial response to the Plaintiff's request, which was received on August 11, 2014, but the account history provided only covers from June 6, 2014 through July 18, 2014. No further responses have been received on this request.

63. As a result of this lack of compliance by the Defendant, the Defendant is liable to the Plaintiff for actual damages, costs, legal fees and statutory damages of up to $2,000.00.

**Count Four: Violation of 12 C.F.R. §1024.36 of Regulation X**

64. On or about October 9, 2014, the Plaintiff made a written request to the Defendant for an explanation regarding a discrepancy in the interest rate. Specifically, the Plaintiff requested any modification agreements that had been entered into for the Plaintiff's account. If not modification had been completed, then the Plaintiff was requesting a detailed explanation for the change in terms.

65. The request was made by certified mail, having a tracking number 70140150000198626699. The request was mailed to the address noticed by the Defendant on

the periodic billing statement for requesting such information as provided by for 12 C.F.R. §1024.36(b).

66. The Request was received by the Defendant on October 14, 2014, as evidenced by the United States Postal Receipt, see Exhibit 10.

67. The five (5) day deadline to provide an acknowledgment letter expired on October 21, 2014. As of the filing of this complaint, the Defendant has not provided an acknowledgment letter.

68. The thirty (30) day deadline for providing the requested information expired on November 25, 2014. As of the filing of this complaint, the Defendant has not provided any response whatsoever to the Plaintiff's request.

69. As a result of this lack of compliance by the Defendant, the Defendant is liable to the Plaintiff for actual damages, costs, legal fees and statutory damages of up to $2,000.00.

## Count Five: Violation of 12 C.F.R. §1024.35 of Regulation X

70. On or about October 9, 2014, the Plaintiff sent a Notice of Error ("NOE") to the Defendant pursuant to 12 C.F.R. §1024.35 of Regulation X which informed the Defendant that the Plaintiff had previously submitted an RFI requesting a life of loan transactional history and that this information had not been provided.

71. The Notice was sent by certified mail, having a tracking number 70140150000198626682. The request was mailed to the address noticed by the Defendant on the periodic billing statement for requesting such information as provided by for 12 C.F.R. §1024.36(b).

72. The Request was received by the Defendant on October 14, 2014, as evidenced by the United States Postal Receipt, see Exhibit 11.

73. The five (5) day deadline to provide an acknowledgment letter expired on October 21, 2014. As of the filing of this complaint, the Defendant has not provided an acknowledgment letter.

74. The thirty (30) day deadline for providing the requested information expired on November 25, 2014. As of the filing of this complaint, the Defendant has not provided any response whatsoever to the Plaintiff's request.

75. As a result of this lack of compliance by the Defendant, the Defendant is liable to the Plaintiff for actual damages, costs, legal fees and statutory damages of up to $2,000.00.

76. The Defendant has exhibited a pattern and practice of violating Regulation X and Regulation Z in the following ways:

   a. Failure to provide an accurate payoff statement;
   b. Failure to provide an accurate reinstatement quote;
   c. Failure to provide an exact reproduction of the life of loan transactional history;
   d. Failure to provide modification documents;
   e. Failure to respond to the NOE concerning the life of loan transactional history.

**Actual Damages**

77. The Plaintiff incorporate herein by reference all preceding paragraphs as if fully set forth herein.

78. In this case, the Plaintiff has suffered the following actual damages:

   a. Missed work;
   b. Travel expenses;
   c. Attorney's fees;
   d. Mailings;
   e. Paying interest on the incorrect loan amount;
   f. Paying fees and charges that are unauthorized, illegal and/or unnecessary and the interest that then gets paid on the total loan amount;
   g. Emotional distress.

**WHEREFORE,** the Plaintiff having set forth the claims for relief against the Defendant respectfully pray of the Court as follows:

A. That the Defendant be required to answer this Complaint.

B. For an order sustaining the Plaintiff's claim objection and/or for an Order which determines the appropriate amount of the claim based on the Plaintiff's first claim for relief (paragraphs 22-35), the factual allegations and 11 U.S.C. § 105, 502, 506, 1322 and 1328.

C. For an order declaring the Deed of Trust to be a cloud on the Plaintiff's title and, therefore declaring the Deed of Trust to be released based on the Plaintiff's second claim for relief (paragraphs 36-38), the factual allegations and 11 U.S.C. § 105, 502, 506, 1322 and 1328.

D. That the Plaintiff recover from the Defendant actual damages, statutory damages and attorney's fees based on the Plaintiff's multiple counts for relief under the provisions of TILA and Regulation Z (paragraphs 39-78) and the factual allegations.

E. That the Plaintiff recover from the Defendant actual damages, statutory damages and attorney's fees based on the Plaintiff's multiple counts for relief under the provisions of RESPA and Regulation X (paragraphs 39-78) and the factual allegations.

F. That the Plaintiff recovers against the Defendant all reasonable legal fees and expenses incurred by the Plaintiff's attorney.

G. That the Plaintiff recovers from the defendant based on 11 U.S.C. §105, any relief as the Court may deem necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

H. That the Plaintiff recovers any further relief as the Court may deem just and proper.

Case 3:15-ap-90054    Doc 1    Filed 01/28/15    Entered 01/28/15 11:05:39    Desc Main
Document      Page 15 of 16

Date this the ___28th___ day of _____January_____, 2015.

/s/ Keith D Slocum
by: Keith D. Slocum BPR 023024
Harlan, Slocum & Quillen
39B Public Square
PO Box 949
Columbia, TN 38402
Phone – 931-381-0660
Fax – 931-381-7627
keith@robertharlan.com
bknotices@robertharlan.com


Exhibit List:

Exhibit 1: Confirmation Order
Exhibit 2: POC
Exhibit 3: RFI Payoff
Exhibit 4: RFI Reinstatement
Exhibit 5: RFI TILA
Exhibit 6: RFI Note
Exhibit 7: RFI Transaction history
Exhibit 8: RFI Response 1
Exhibit 9: RFI Response 2
Exhibit 10: RFI Modification
Exhibit 11: NOE Transaction history