IN THE UNITED STATES DISTRICT/BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:
Raini Clapper Walker                              District Court No. 15-0218
xxx-xx-6421
Debtor

Raini Clapper Walker
Plaintiff

Vs.

                                                   BK:       14-05239-MH1-13
Selene Finance LP                          BKAP NO:  15-90054
Stanwich Mortgage Loan Trust 2012-14
Defendant(s)

## Plaintiff's Memorandum of Law in Opposition to the Defendant's Motion To Withdraw the Reference

Comes the Plaintiff and Debtor, through counsel, and hereby submits this Memorandum of Law in support of the Plaintiff's opposition to the to the Defendant's motion to withdraw the reference.

## Factual Background

The Plaintiff filed for Chapter 13 bankruptcy on June 30, 2014 and included a disputed debt to Carrington Mortgage Services LLC ("Carrington") on schedule D as a debt secured by a lien on her residential real estate. The Confirmation Order provides for continuing payments to Carrington, plus an arrearage cure provision. The account was transferred to Selene Finance LP ("Selene" or "Defendant") effective June 2, 2014 and Selene filed a Proof of Claim in the Plaintiff's bankruptcy case on November 17, 2014. The Defendant attached to the Claim form a copy of the Deed of Trust, copy of the Plaintiff's Note, and a modification agreement. The copy

of the Note included a purported allonge endorsing the Note in blank from Wilmington Finance, Inc., the original lender.  However, the Defendant had also provided a copy of the Plaintiff's Note to the Plaintiff's attorney that does not include any endorsements or allonges.  The Defendant provided inconsistent copies of the same Note, therefore failing to provide sufficient proof that the Note is properly endorsed and that it has standing to enforce said Note.  In addition, the Defendant's claim seeks to collect an arrearage of $37,859.28.  The Defendant's claim does not take into account a loan modification done on the Plaintiff's account.  Therefore, the Plaintiff objects to the Defendant's claim based on erroneous accounting.  The Plaintiff requests an Order from this Court that disallows the Defendant's claim, or in the alternative, values the Defendant's claim as $0.00.  The Plaintiff further requests an Order from this Court which may be recorded with the Dickson County Register of Deeds causing the lien to be released.

The Plaintiff has sent six separate "Requests for Information" ("RFI's") and one "Notice of Error" ("NOE") to the Defendant pursuant to the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA") (Regulation X/Regulation Z).  The Defendant failed to acknowledge receipt of several of these letters as required by RESPA and TILA, failed to respond all together to some requests, and provided only partial responses to others.  The Defendant is liable to the Plaintiff for actual damages, statutory damages, costs and attorney's fees for its violations of RESPA and TILA (Regulation X/Z).

The parties have already conducted the pretrial hearing in front of the Bankruptcy Judge, (Bankruptcy PACER Docket No. 11attached as Exhibit 1 to this Memorandum).  The legal issues are listed in that pretrial statement as follows:

Whether the Defendant's claim should be disallowed?

Whether the Defendant violated RESPA (Regulation X/Z), and if so, what is the appropriate remedy?

Whether the Defendant violated TILA (Regulation X/Z), and if so, what is the appropriate remedy?

Whether the Defendant should be held in contempt and sanctioned under 11 U.S.C. § 105?

Whether pursuant to 11 U.S.C. § 506(d), the perfected security interest should be declared void and the lien released.

Whether disallowance of the Proof of Claim provides a basis for voiding the lien on the Plaintiff's property pursuant to 11 U.S.C. § 506(d).

Whether the secured obligation owed by the Plaintiff is nondischargeable pursuant to 11 U.S.C. §§ 1322 (b)(5) and 1328.

Whether the Plaintiff's challenge to the validity of the secured obligation is barred by the Plaintiffs' schedules and/or the confirmed plan, under the doctrines of waiver, estoppel, laches, issue preclusion or claim preclusion.

Whether the Defendant should be held in contempt and sanctioned under 11 U.S.C. § 362(k)?

Seven of the nine legal issues are based solely on the issues that arise by application of the federal bankruptcy code provisions in the context of the Plaintiffs' bankruptcy case. The claim allowance and 11 U.S.C. sections 105, 362, 1322, and 1328 all arise from the bankruptcy filing. In addition, whether or not the Plaintiff is precluded from challenging the Defendant's claim's validity because of the terms contained in the Order confirming the Chapter 13 plan and the bankruptcy schedules stems from the filing of the bankruptcy petition. The other two related remaining claims are for violations of RESPA/Regulation X and TILA/Regulation Z.

## **Argument**

Under 28 U.S.C.section 157(d) permits the district court to "withdraw" the reference in whole or part, on its own or on timely motion of any party, for cause shown. The moving party

bears the burden of demonstrating that the reference should be withdrawn. As cited in *In re O'Neal (attached as Exhibit 2 to this Memorandum)*, Under permissive withdrawal, when a movant shows cause for withdrawal, the district court has discretion to grant the withdrawal. 28 U.S.C. § 157(d). The Bankruptcy Code does not define the "cause" required for permissive withdrawal. Courts have developed a list of non-exhaustive factors pertinent to the cause determination. These factors include: judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, whether a party has requested a jury trial, and whether the proceeding is core or non-core. *Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir.1985); see also Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Group), 4 F.3d 1095, 1101-02 (2d Cir.1993).*

If the Defendant's motion is granted, then the parties and the court will have two separate lawsuits, one dealing with the RESPA/Regulation X-TILA/Regulation Z claim and the other dealing with the remain seven bankruptcy code issues: the allowance of the claim, sections 105, 362, 1322 and 1328, as well as whether or not the Plaintiff is precluded from challenging the Defendant's claim's validity because of the Confirmation Order and the Bankruptcy schedules stems from the filing of the Bankruptcy petition. Judicial economy is best served by leaving the proceeding in the bankruptcy court.

Defendant's memorandum suggests that the bankruptcy administration is not impacted other than to give the Trustee the certainty to make payments so that the bankruptcy process will be expedited. However, the Defendant's memorandum indicates that the Trustee will be able to administer the estate regardless of whether the Proof of Claim objection is successful or not. Plaintiff submits that the bankruptcy process and administration uniformity is better served by

allowing the entire lawsuit to move forward in the bankruptcy court.  The bankruptcy court is most familiar with the Debtor's bankruptcy case and seven of the pretrial legal issues are all governed by the bankruptcy code.  The contempt and sanction powers that arise under 11 U.S.C. section 105, the stay violations arise under 11 U.S.C. section 362, the potential claim allowance and the impact of the lien for a claim disallowed under section 11 U.S.C. section 502 is also found in the bankruptcy code. In addition, any avoidance available under 11 U.S.C. section 506, any claim preclusion based on the schedules and the confirmed plan arise under the bankruptcy code.  Finally, any argument regarding the secured obligation being discharged or potentially excepted by virtue of 11 U.S.C. section 1322 are all claims arising under the bankruptcy code. Both the bankruptcy administration and process would be expedited by these matters remaining in the bankruptcy.

The Plaintiff submits that any forum shopping and/or confusion has been created by the Defendant's motion to separate two related to claims and thus creating two lawsuits which will create confusion and leave two separate courts issuing rulings in this lawsuit.  The debtors and the Defendant's resources are more conserved by leaving the entire action before the bankruptcy court.  No party has requested a jury trial.

As cited in *In re Treco, 205 BR 358, United States District Court, SD New York, 1997*. (attached as Exhibit 3 to this Memorandum) Although the determination regarding the permissive withdraw of the reference is left up to the district court, the determination of whether a case is a core proceeding or a non-core matter related to a case under title 11 is made by the bankruptcy judge.  The outcome of the RESPA/Regulation X-TILA/Regulation Z claims could conceivably have an effect on the estate.  For example, the six separate RFIs sent by the Plaintiff, one requested the payoff which would impact the amount of the Defendant's claim.

Another requested a reinstatement which would impact the Defendant's arrearage claim. The Plaintiff requested a true and exact copy of the note which could impact the estate if the Defendant does not have enforceable note. *As noted in Waldman, United States Court of Appeals, Sixth Circuit, 2012* (attached as Exhibit 4 to this Memorandum). The most practical solution would be to leave the RESPA/Regulation X-TILA/Regulation Z claim in the bankruptcy court and have the bankruptcy court propose findings of fact and conclusions of law on the non-core issues if the bankruptcy judge determines that non-core issues exist.

## Conclusion

Based on the foregoing, the Plaintiff requests the court deny the Motion to withdraw of the reference and also the request to permit a partial withdrawal of the reference. The dates for the trial schedule in the bankruptcy court have already been determined and the parties have started the discovery process. The parties' and the court's interests are better served by allowing the case to proceed in the bankruptcy court.

Respectfully Submitted,

Harlan, Slocum &Quillen,

/s/ Keith D Slocum_____
by: Keith D. Slocum BPR 023024
Harlan, Slocum &Quillen
39B Public Square
PO Box 949
Columbia, TN 38402
Phone – 931-381-0660
Fax – 931-381-7627
keith@robertharlan.com
bknotices@robertharlan.com

# CERTIFICATE OF SERVICE

      On March 26, 2015, I hereby certify that that a true and exact copy of the foregoing was sent via first class U.S. mail, postage prepaid, and/or electronically to the following parties in interest:


/s/ Edward D. Russell
Edward D. Russell (026126)
Michael N. Wennerlund (031332)
WILSON & ASSOCIATES, PLLC
8 Cadillac Drive, Suite 120
Brentwood, TN 37027
615-255-9388 phone
615-255-5581 fax
erussell@wilson-assoc.com
mwennerlund@wilson-assoc.com
Attorneys for Selene Finance LP


                          /s/ Keith D Slocum_____

                          by: Keith D. Slocum BPR 023024