

Marian F. Harrison
US Bankruptcy Judge

Dated: 4/9/2015



## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-05239-MH3 |
| | ) | |
| RAINI CLAPPER WALKER, | ) | CHAPTER 13 |
| | ) | |
| Debtor, | ) | JUDGE MARIAN F. HARRISON |
| | ) | |
| RAINI CLAPPER WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ADV. NO. 315-90054 |
| | ) | |
| SELENE FINANCE LP, | ) | |
| STANWICH MORTGAGE LOAN | ) | |
| TRUST 2012-14, | ) | |
| | ) | |
| Defendants. | ) | |

## PRETRIAL ORDER

At the pretrial conference held in Nashville, Tennessee, on March 25, 2015, the

following counsel appeared:

Keith D. Slocum, Attorney for Plaintiff.

Edward D. Russell, Attorney for Defendant, Selene Finance LP.

## PLEADINGS

No further pleadings will be filed in this matter except with leave of Court.

1

## STATEMENT OF THE ISSUES

1. Whether the Defendant's claim should be disallowed?

2. Whether the Defendant violated RESPA (Regulation X/Z), and if so, what is the appropriate remedy?

3. Whether the Defendant violated TILA (Regulation X/Z), and if so, what is the appropriate remedy?

4. Whether the Defendant should be held in contempt and sanctioned under 11 U.S.C. § 105?

5. Whether pursuant to 11 U.S.C. § 506(d), the perfected security interest should be declared void and the lien released?

6. Whether disallowance of the proof of Claim provides a basis for voiding the lien on the Plaintiff's property pursuant to 11 U.S.C. § 506(d)?

7. Whether the secured obligation owed by the Plaintiff is nondischargeable pursuant to 11 U.S.C. §§ 1322(b)(5) and 1328?

8. Whether the Plaintiff's challenge to the validity of the secured obligation is barred by the Plaintiffs' schedules and/or the confirmed plan, under the doctrines of waiver, estoppel, laches, issue preclusion or claim preclusion?

9. Whether the Defendant should be held in contempt and sanctioned under 11 U.S.C. § 362(k)?

## FINAL DISPOSITION

A motion to withdraw the reference is pending before District Court.

## INITIAL DISCLOSURES

Fed. R. Civ. Proc. 26 disclosures will be managed by agreement by the parties.

## DISCOVERY

The parties are directed to conduct discovery so that all discovery will be completed not later than *July 8, 2015.*  Discovery which would require a later due date shall be permitted only on an order of court or by filed stipulation of the parties, and only if the trial will not be delayed..

## MOTIONS

Dispositive motions – that is, motions under Fed. R. Bankr. P. 7012 or 7056 – shall be filed on or before *August 10, 2015.* Responses to dispositive motions shall be filed on or before *August 21, 2015.* Further responses to dispositive motions shall be filed on or before *August 27, 2015*.  Hearing on all dispositive motions will be held on *September 1, 2015, at 10:00 a.m., in Courtroom Three, 2nd Floor, Customs House, 701 Broadway, Nashville, Tennessee.*

## ALTERNATIVE DISPUTE RESOLUTION

Mediation by an ADR neutral will be scheduled upon request by any party.

## EFFECT OF PRETRIAL ORDER

This action shall be resolved pursuant to the stipulations of the parties and this order and no amendments shall be made to this order except upon written motion and for good cause shown.  *Failure to comply with requirements of this order may result in dismissal of the action, default, assessment of costs including attorney's fees, or other penalties.*

IT IS SO ORDERED.

Case 3:15-ap-90054   Doc 14   Filed 04/10/15   Entered 04/10/15 07:45:49   Desc Main
Document    Page 3 of 4

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE.

4

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.